IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANTONIO MARTINS,** | : | |
| | : | |
| | : | |
| v. | : | Civil No. JKS 07-214 |
| | : | |
| **FERNANDO LOPES et al.,** | : | |
| | : | |
| | : | |

## MEMORANDUM OPINION

Plaintiff Antonio Martins brings this action alleging Federal statutory and State law claims relating to his employment and termination by Defendants Fernando Lopes and Landover Construction. Count One alleges failure to provide a promised 401(k) retirement account, in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Count Two alleges that Defendants violated the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., when they fired Martins upon his return from leave taken to be with his ill parents. Count Three argues that Defendants violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., by terminating Martins because of his advanced age. Count Four alleges breach of contract for failure to provide benefits promised to Martins upon his hire; Count Five alleges detrimental reliance on promises of benefits, and on a promise of identical terms of employment with Landover Construction when it assumed the business and assets of Lopes Construction. Count Six charges Defendants with misrepresentation of their intent to provide Martins with benefits including a 401(k) plan, and of their intent to provide the same benefits package to employees of Landover as to employees of Lopes Construction. Currently pending are Plaintiff's Motion for Default Judgment or in the Alternative to Compel Discovery (Dkt. No. 16); Motion to Supplement the Motion for Default Judgment (Dkt. No. 37); Defendants' Motion for

Summary Judgment (Dkt. No. 22); Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. No. 25); and Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 26). These issues have been briefed and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated below, the Motions for Default Judgment or to Compel Discovery and to Supplement the Motion for Default Judgment and the Motion for Extension of Time to Complete Discovery will be denied as moot, and the Motion for Leave to File an Amended Complaint will be granted in part and denied in part. Defendants' Motion for Summary Judgment will be granted as to the ERISA, FMLA, and ADEA claims, and the court will decline to exercise supplemental jurisdiction over the remaining claims, which will be dismissed without prejudice.

**I. BACKGROUND**.

The following facts are uncontroverted, or are set forth in the light most favorable to Martins. In early 2005, Martins was employed in the construction business. (Dkt. No. 27, Ex. E at 22). Around the beginning of March 2005, Defendant Fernando Lopes visited Martins' home (*id.* at 13) and offered him a job with Lopes Construction Company, Inc. (LCCI) (Dkt. No. 22, Ex. 1 at 1), with benefits including "401(k) plan." (Dkt. No. 27, Ex. E at 16). Martins asked Lopes to put these terms of employment in writing (Dkt. No. 27, Ex. E at 14), and a written list of employment benefits was given to Martins as part of an LCCI Employee Handbook.[1] (Dkt. No 27, Ex. A; Ex. E at 14). The list of benefits, described as attaching to the position of "Supervisor," included a company vehicle and fuel, communication device, health insurance for employees and their households, vacation, referral bonus, holiday pay, profit sharing, "all year guaranteed salary," and a

---

[1] The Handbook expressly disclaimed any contractual force and stated that its provisions could be changed "as deemed necessary" by LCCI. (Dkt. No. 27, Ex. A at 012).

401(k) plan. (Dkt. No. 27, Ex. A at 013). The Handbook's detailed description of the profit-sharing plan was signed by Martins and Lopes. *(Id.* at 001). The Handbook also detailed LCCI's Family and Medical Leave policy, which mirrored FMLA law (*id.* at 010); and a referral bonus policy and form. *(Id.* at 018).

Martins accepted LLCI's offer and commenced employment with LCCI. (Dkt. No. 22, Ex. 1 at 1). Martins' duties were to supervise as many as three road crews, estimate job costs, and respond to customer concerns. (Dkt. No. 27, Ex. C, ¶¶ 9-10; Dkt. No. 27, Ex. D, ¶ 9). Shortly after starting work at LCCI, Martins received a raise of $100 per week when he was asked to perform the additional task of preparing invoices. (Dkt. No. 27, Ex. E at 23). While an employee of LCCI, Martins was provided the use of a vehicle and cellular phone, and received the salary, vacation, and health insurance he had been promised (Dkt. No. 22, Ex. 1 at 1), although insurance coverage was not provided until Martins had been with LCCI for seven months. (Dkt. No. 27, Ex. E at 13, 23). Martins never received any further documentation relating to a 401(k) plan, and did not receive any profit-sharing bonuses (Dkt. No. 27, Ex. E at 13), despite asking Lopes on numerous occasions when he would receive these benefits and being told by Lopes not to worry, that he would be taken care of. (Dkt. No. 27, Ex. C, ¶¶ 6-7). Occasionally, Lopes told Martins that he would receive profit sharing and retirement benefits after the conclusion of a pending suit against LCCI. (Dkt. No. 27, Ex. C, ¶ 7). Neither LCCI nor Landover has records that would permit profit or loss to be calculated on a per-job basis. (Dkt. No. 27, Ex. F at 53-54).

Landover Construction was incorporated in January 2006. (Dkt. No. 22, Ex. 1, ¶11). In approximately April or May 2006, LCCI ceased operations and Landover Construction assumed at least some of the assets and employees of LCCI. (Dkt. No. 27, Ex. C, ¶¶ 7-8; Ex. D, ¶ 6; Ex. B at

3

1-2; Dkt. No. 22, Ex. 1, ¶¶ 11-12).  Martins became an employee of Landover Construction in May 2006.  (Dkt. No. 22, Ex. 1, ¶ 14; Dkt. No. 27, Ex. C, ¶¶ 7-8).  He again inquired about his terms of employment and benefits, and was told that no paperwork was necessary, and that the terms of his employment with Landover would be the same as with LCCI.  (Dkt. No. 27, Ex. E at 56-57).  Landover Construction did not have an Employee Handbook (Dkt. No. 27, Ex. F at 94), and did not give Martins any documentation relating to terms of his employment.  (Dkt. No. 27, Ex. E at 56-57).  Martins received the same, and no additional, pay and benefits from Landover that he had received from LCCI.  (Dkt. No. 34, Ex. 2 at 107-108).

In September 2006, Martins was granted leave to visit his ailing parents in Portugal.  (Dkt. No. 27, Ex. F at 78-79; Ex. E at 49).  Upon his return on October 2, 2006, Martins was fired pursuant to Lopes' decision.  (Dkt. No. 22, Ex. 1, ¶ 18).  Lopes told Martins at that time that he made too much money.  (Dkt. No. 27, Ex. E at 109).  Martins' road crew supervisory position was not filled and has remained empty (Dkt. No. 22, Ex. 1, ¶ 20), but Cecelia Lopes is currently responsible for sending Landover Construction's invoices.  (Dkt. No. 34, Ex. 6 at 87).

## II.  STANDARD OF REVIEW.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).  A moving party who will not have the burden of proof at trial need only point to the insufficiency of

the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering the defendant's motion, the Court views the underlying facts and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. Rather, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

**III.  DISCUSSION**.

A.  Motion to Amend Complaint.

After Defendants' summary judgment motion was filed, Plaintiff moved to amend his complaint, a request which Defendants oppose. With regard to the claims based on federal statutes, however, no substantive changes are proposed, except that the FMLA claim is withdrawn. The motion will be granted as to the three federal statutory claims and, in light of the dismissals without prejudice of the remaining claims, is otherwise denied as moot.

B.  Motion for Summary Judgment.

*1. Count One - ERISA*.

In Count One, Martins alleges that he was promised a 401(k) plan as enticement to accept employment with LCCI, and that Lopes repeatedly affirmed, on behalf of LCCI and later Landover

5

Construction, the intention to create and maintain a retirement account on Martins' behalf. Martins alleges that this is a violation of an ERISA requirement that employers honor commitments to provide employees with benefits out of discrete set-aside funds. Defendants respond that no 401(k) plan was ever promised or established.

The duties imposed upon employers by ERISA do not apply unless there is either a formal, written benefits plan, in accordance with 29 U.S.C. §§ 1022 and 1102, or an informal plan, the operation of which requires an ongoing administrative scheme, and the terms of which regarding intended benefits, class of beneficiaries, sources of financing, and procedures for receiving benefits are reasonably ascertainable. *E.g., Cecil v. AAA Mid-Atlantic, Inc.*, 118 F.Supp.2d 659, 663-64 (D. Md. 2000). The mere decision or promise to create a plan does not subject an employer to ERISA's requirements or remedies. *Elmore v. Cone Mills Corp.*, 23 F.3d 855, 861 (4th Cir. 1994). There must be acts or events that record, exemplify, or implement the decision to create a plan, such as making financing arrangements or promulgating a procedure for disbursing benefits, before the purported plan affords ERISA-enforced rights. *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir. 1982) (reasoning adopted by the Fourth Circuit in *Elmore v. Cone Mills Corp.*).

Martins presents no evidence that either LCCI or its successor Landover Construction ever had a formal, written 401(k) plan. Indeed, he acknowledges that "there was never a [401(k)] retirement plan . . . with either LCCI or Landover." (Dkt. No. 33, Amended Complaint, ¶ 25). Therefore, in order to maintain a cause of action under ERISA, Martins must show that the Defendants created an informal, de facto plan by devising an administrative scheme and specifying its terms to the degree required by *Donovan*. *Elmore,* 23 F.3d at 861.

Martins has not produced any evidence regarding an informal 401(k) plan. Rather, he has produced evidence, his testimony and a page from LCCI's Employee Handbook, indicating that he was promised such a plan. In *Elmore v. Cone Mills Corp.*, the Court held that a plan had not been informally created for ERISA purposes even where two letters promising specific benefits to specific employees were distributed by a supervisor. 23 F.3d at 861-62. In addition, informal plans were not created where a letter offering employment promised long-term disability benefits in detailed terms (after one year of employment, to pay 60% of salary, etc.), *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1479-80 (4th Cir. 1996), and where tax returns showed that the defendant company had taken deductions for employee benefit plans. *Guilbert v. Gardner*, 480 F.3d 140, 146 (2nd Cir. 2007). Martins, of course, lacks even this level of evidence.

Acknowledging his lack of evidence, Martins opposes summary judgment on his ERISA claim on the basis that he did not receive the tax returns he requested in discovery. However, as noted, tax returns are insufficient to evidence an ERISA employee benefit plan. Thus, even if Martins got his requested discovery, he would not have evidence to support an ERISA claim.

Moreover, Martins is not entitled to the requested discovery. On July 26, 2007, Martins asked the Court to hold his request for the tax returns in abeyance (Dkt. No. 21), and then, long after the discovery deadline had passed and after Defendants' Motion for Summary Judgment had been filed, sought a general extension of the discovery deadline (Dkt. No. 25), and sought to renew and supplement his Motion for Default Judgment or in the Alternative to Compel Discovery. (Dkt. No.

37).  No extraordinary circumstances necessary to justify allowing additional document discovery after the deadline exist.[2]

In sum, Martins is not entitled to additional discovery, and would not have evidence to support an ERISA claim even if he received the additional discovery.  Summary judgment is therefore granted in favor of the Defendants on the ERISA claim.

*2. Count Two - Family and Medical Leave Act.*

The Family and Medical Leave Act defines an employer as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."  29 U.S.C. § 2611(4).  Defendants state, and Martins does not dispute, that Landover Construction did not employ enough people to meet this definition.  Martins abandons his FMLA claim in his Amended Complaint, and it will accordingly be dismissed.

*3. Count Three (Count Five of Amended Complaint)  - ADEA.*

Mr. Martins was 40 years old when he was terminated.  He alleges that he was told at his dismissal that he was too expensive, and claims that he was replaced by a younger, less costly employee.  Defendants seek summary judgment on the basis that Landover did not have the requisite number of employees, and that in any case, Martins has not made out a prima facie case under the ADEA.

The ADEA applies to entities that employ "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C.

---

[2] Martins' most recent renewal of and addition to his Motion to Compel suffers from an additional deficiency.  Because he received a partial response, his motion is subject to the provisions detailed in Local Rule 104.8, which he did not follow.

§ 630(b). Because size of employee force is an element of his claim, *see, e.g., Arbaugh v. Y & H Corp.,* 546 U.S. 500, 516 (2006), Martins has the burden of proof on this issue. Thus, to withstand summary judgment, Martins must submit evidence from which a reasonable factfinder could conclude that Landover Construction met the workforce size threshold for application of the ADEA.

Martins argues that he has a document showing that Landover had a total of 55 employees in 2006, another that shows 53 employees, and one that shows 21 employees. None of these documents is alleged, however, to show that Landover employed 20 employees for each working day in each of 20 or more calendar weeks. The allegation that LCCI documents would "shed further light on this issue," (Dkt. No. 27, Memorandum at 23) is unavailing since Martins was not terminated by LCCI and makes no ADEA claim against LCCI.

Martins also submits his own and a co-employee's affidavits averring observation that there were 20 or more employees for at least "20 consecutive weeks." (Dkt. No. 27, Ex. C, ¶ 9; Ex. D, ¶ 8). However, neither affiant purports to have, or could have, knowledge of each working day in each of 20 specific weeks. In contrast, Landover's manager Lopes attests that Landover has never employed 20 employees for any period of 20 consecutive weeks (Dkt. No. 22, Ex.1, ¶ 13), and President Maria Lopes attests to the same. (Dkt. No. 22, Ex. 2, ¶ 5). Martins does not present competent evidence that Landover employed the threshold number of employees for application of the ADEA.

Even if he could show the threshold number of employees, Martins' ADEA claim would fail because he has not made out a prima facie case of age discrimination. There are two methods of proving intentional discrimination in employment: (1) through direct or indirect evidence of intentional discrimination, or (2) through circumstantial evidence under the three-step, burden-

shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). For the first method, an employee may utilize "ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue." *Rhoads v. F.D.I.C.,* 257 F.3d 373, 391 (4th Cir. 2001). In order to overcome a summary judgment motion based upon this method of proof, the plaintiff "must produce direct evidence of a stated purpose to discriminate and/or [indirect] evidence of sufficient probative force to reflect a genuine issue of material fact." *Id.* More specifically, the plaintiff must provide "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Id.* at 391-92. If such evidence is lacking, the plaintiff nevertheless may proceed under *McDonnell Douglas*. *See Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002).

Under the *McDonnell Douglas* framework, the plaintiff first must establish a prima facie case of discrimination. *McDonnell Douglas,* 411 U.S. at 802. Once this is done, the burden of production shifts to the defendant to present a legitimate, nondiscriminatory reason for the adverse employment action alleged. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000) (citing *Texas Dept. Of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981)). If the defendant succeeds in doing so, the presumption of discrimination raised by the plaintiff's prima facie case is rebutted. *Stokes v. Westinghouse Savannah River Co.,* 206 F.3d 420, 429 (4th Cir. 2000) (citing *Burdine*, 450 U.S. at 255 n.10). The plaintiff then must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253. In the end, "[t]he plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against her." *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 959 (4th Cir. 1996) (citing *Burdine,* 450 U.S. at 253).

The elements of a prima facie case of discriminatory discharge based on age are: 1) the plaintiff is a member of the protected class; 2) the plaintiff was discharged; 3) at the time of discharge, the plaintiff was meeting the defendant's legitimate expectations of employees; and 4) the discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination, shown by evidence demonstrating that the employer did not treat age neutrally in deciding to take adverse action against the plaintiff. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998); *Bello v. Bank of America*, 320 F.Supp.2d 341, 348 (D. Md. 2004). In order to give rise to a reasonable inference of discrimination, the evidence presented on the fourth element must lead to the conclusion that it is as likely, or more likely than not, that adverse action was motivated by animus against a protected class. *Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230, 241-42 (4th Cir. 1982). Replacement by an employee under age 40 is evidence of discriminatory intent, but not dispositive. *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312-13 (1996); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 512 (4th Cir. 1994).

It is undisputed that Martins meets the first two elements of the prima facie case. As proof of his satisfactory performance, the third element, Martins offers evidence that he received a raise and the affidavit of a co-worker who states that Martins was an effective and hard-working employee. Martins admits, however, that the raise involved taking on an additional duty, and his co-worker's opinion is not persuasive evidence that he was meeting his employer's expectations. *See, e.g., King v. Rumsfeld,* 328 F.3d 145, 149-50 (4th Cir. 2003) (explaining that co-workers' opinions might be relevant in some cases, but not where such opinions fail to establish what expectations the employer had and whether the employee met them); *Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 280 (4th Cir. 2000) (finding co-workers' opinions of plaintiff's job performance "close to irrelevant"). In

11

contrast, Lopes attests that Martins' performance was not satisfactory. While it is unlikely that Martins' evidence would support a factfinder's decision that his performance was satisfactory, his prima facie case fails in any event due to lack of evidence creating a reasonable inference of age discrimination.

Martins claims that an inference of discrimination may be drawn from Lopes' statement that he made too much money, and because younger employee Cecelia Lopes took over his invoice duties. Cecelia Lopes is, however, clearly not a "replacement" employee. Martins describes his duties as supervising up to three road crews, estimating jobs, and creating invoices. (Dkt. No. 27, Ex. C, ¶ 9). He does not even allege that anyone assumed any of these duties except for the invoices, nor does he reference any factual support for his claim that Cecelia Lopes took over that duty. Rather, Fernando Lopes testified that she had always "sent" them. (Dkt. No. 34, Ex. 6 at 87). There is thus no evidence that Martins was replaced by a younger employee.

Martins' reliance on Lopes' alleged statement that he made too much money is similarly unavailing. Although repeated expressions of a preference for younger workers who could be paid less were sufficiently strong evidence of age discrimination in *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433-34 (4th Cir. 1985), the Court later found that an employer who decided to eliminate highly-paid positions to cut overhead and expenses, recognizing and repeatedly acknowledging that employees of longer tenure were generally most highly paid, had not exhibited discriminatory motive. *E.E.O.C. v. Clay Printing Co.,* 955 F.2d 936, 942-43 (4th Cir. 1992). Given that cutting costs, even to the disproportionate detriment of older workers, is not tantamount to age discrimination (and that even multiple statements about the practice, as opposed to an isolated comment, are not sufficient), the statement allegedly made to Martins falls far short of giving rise to

a probable inference of discriminatory intent. This is particularly true where there is no indication that Lopes meant to, or did, conflate a high salary with advanced age.

Finally, even if Martins could establish a prima facie case of age discrimination, Defendants advance nondiscriminatory reasons for the discharge, and Martins has no evidence of pretext. At the second step in the *McDonnell Douglas* burden-shifting scheme, defendants have only a burden of production, not persuasion, *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993), which is met here with evidence that Martins was let go because Landover was losing money and needed to cut costs, and because Martins was not performing to Landover's satisfaction. (Dkt. No. 22, Ex. 1, ¶ 19-20; Ex. 4). If nondiscriminatory reasons are given for a discharge, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false" may nonetheless support a reasonable inference of discriminatory adverse action, but "[t]his is not to say that such a showing by the plaintiff will always be adequate." *Reeves,* 530 U.S. at 148. Martins has no evidence to contradict the clear evidence of Landover Construction's operation at a loss in 2006,[3] and no evidence that Lopes' actual motive was discriminatory. He has thus failed at the third step of the *McDonnell Douglas* framework to demonstrate with the requisite likelihood that the nondiscriminatory reason for his discharge was pretext and that unlawful discrimination was the true motivating factor. Summary judgment is therefore granted in favor of the Defendants on Martins' ADEA claim.

C. <u>Supplemental Jurisdiction.</u>

---

[3] Martins' supplemental discovery motion, Dkt. No. 37, does not seek any documents regarding Landover's financial status.

Martins has abandoned his FMLA claim and the court is granting summary judgment in favor of Defendants on his ERISA and ADEA claims. This disposes of all claims over which this court has subject matter jurisdiction, and only claims brought under State law remain in the case. When a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining claims. 28 U.S.C. § 1367(c)(3). "Wide latitude" is accorded to the district courts to dismiss State claims where related federal claims have been extinguished before trial, and "there are no situations wherein a federal court must retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Normally, when federal claims are dismissed before a case proceeds to trial, concerns for judicial economy, convenience, fairness, and comity militate in favor of declining to exercise supplemental jurisdiction over remaining State law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also, e.g., Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 196 (4th Cir. 2002) (citing with approval *Gibbs* rule recommending dismissal of State claims when federal claims are extinguished, despite fact that *Gibbs* was decided before the codification by Congress of Section 1367). The Fourth Circuit indicated a preference for declining to exercise supplemental jurisdiction by directing dismissal of State claims where all federal claims were subject to dismissal on the basis of qualified immunity. *Taylor v. Waters,* 81 F.3d 429, 437 (4th Cir. 1996).

Such a situation now occurs here, where all remaining claims in both Martins' original and proposed amended complaints are predicated on State law. Martins' ability to proceed on these claims is not prejudiced by a dismissal in this court, and, more importantly, some of his claims may raise "novel or complex" issues of State law. 28 U.S.C. § 1367(c)(1). The detrimental reliance and

misrepresentation claims appear to raise issues not precisely treated in existing Maryland law, to wit, what if any circumstances justify reliance on promises of employee benefits allegedly made by a prospective employer. Such difficult questions of State law are better resolved by the State's courts. Accordingly, Martins' remaining causes of action are dismissed without prejudice. *See Kendall v. City of Chesapeake, Va.,* 174 F.3d 437, 444 (4th Cir. 1999) (finding dismissal without prejudice was proper where a State law claim was originally brought in federal court but disposed of on jurisdictional grounds); *cf. Farlow v. Wachovia Bank of North Carolina, N.A.,* 259 F.3d 309, 316-17 (4th Cir. 2001) (noting dismissal without prejudice was the proper alternative to remand under 28 U.S.C. § 1367(c), where the case was originally brought in federal court).

**IV.  CONCLUSION**.

For the foregoing reasons, Plaintiff's Motion for Leave to Amend and Defendants' Motion for Summary Judgment are granted as to Counts One, Two, and Three in the original complaint and Counts One and Five in the Amended Complaint. Plaintiff's FMLA claim is dismissed. Plaintiff's Motions for Default Judgment, to Supplement the Motion for Default Judgment, and for Extension of Time to Complete Discovery are denied as moot, his Motion to Amend is otherwise denied as moot, and his remaining claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

October 11, 2007                                                                       /S/
                                                                                       JILLYN K. SCHULZE
                                                                                       United States Magistrate Judge